UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL QUILLING,                )
                                )
            Plaintiff,           )
                                )
        v.                      )    No. 4:06-CV-1763-CEJ
                                )
EQUITY ONE, et al.,             )
                                )
            Defendants.          )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Daniel Quilling for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action against defendants Equity One and J.P. Morgan Chase Bank, trustee under a deed of trust.  Plaintiff alleges that in 2001, he and his wife, Juanita Quilling, purchased a home at 9011 Marcella Avenue. Apparently, they had secured a mortgage loan through Equity One, which was secured by a deed of trust. Plaintiff alleges that "by first payment time came around on January 19, 2002 [his] name had been taken off the house [and] was not even on the first payment book."  Plaintiff claims that defendants lied in a bankruptcy case by "saying that [plaintiff] failed to cure the delinquency of the

2

loan [and] stating that [he had] materially defaulted with respect to payment." Plaintiff asks this Court to "[a]ward [him his] house back," and seeks $5,000,000 in damages.

The Bankruptcy Court's records show that in 2004, plaintiff and Juanita Quilling filed a joint petition for bankruptcy under Chapter 13 of the Bankruptcy Code. See In Re: Daniel and Juanita Quilling, No. 4:04-BK-51222 (Bankr. E.D. Mo.). Plaintiff described his ownership interest in the Marcella property as a "tenancy by entirety." The ownership interest was claimed to be "joint." Plaintiff stated that the Marcella property was encumbered by a security interest granted to Equity One. On November 8, 2004, the Chapter 13 trustee moved to dismiss the bankruptcy petition on the ground that plaintiff and Juanita Quilling had unreasonably delayed and/or failed to commence making plan payments [Doc. #28].

In 2005, plaintiff filed another Chapter 13 bankruptcy petition. See In Re: Daniel Quilling, No. 4:05-BK-40016 (Bankr. E.D. Mo.). Again, plaintiff stated that he owned the Marcella property jointly as a "tenancy by entirety." Plaintiff stated that Equity One had a first position mortgage lien on the Marcella property. On March 9, 2005, the Bankruptcy Court lifted the automatic stay, allowing Equity One to foreclose on the Marcella property [Doc. #20], and two days later, on March 11, 2005, the Bankruptcy Court dismissed the case on the same grounds as the 2004 case [Doc. #23].

In the instant action, plaintiff claims that his name was not on the loan note, and thus, he was not an owner of the Marcella property. Therefore, according to plaintiff, Equity One lied in the Bankruptcy Court proceedings when it stated that plaintiff was behind in payments, and the subsequent foreclosure was illegal. Plaintiff's allegations contradict the bankruptcy filings, which he signed both in 2004 and 2005, stating that he owned the Marcella property jointly and by "tenancy by entirety." Moreover, if plaintiff owned the Marcella property, and the Bankruptcy Court granted relief from the stay, plaintiff should have pursued his claims in the context of the bankruptcy case; he cannot now challenge the foreclosure in a separate civil action. To the extent that plaintiff is now alleging that that he did not own the Marcella property and his name was not on the loan note, he has failed to state a claim or cause of action, because, not being an owner, the foreclosure would not have affected him.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for

appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 7th day of March, 2007.

_____
**UNITED STATES DISTRICT JUDGE**